Michael Costa (Bar No. 219416)
3848 Sacramento Street, # 2
San Francisco, California  94118
Telephone: (415) 342-0042
Email:  mike@ocefoundation.org

Jodene L. Isaacs (Bar No. 226895)
Christopher A. Sproul (Bar No. 126398)
Environmental Advocates
5135 Anza Street
San Francisco, California  94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email:  csproul@enviroadvocates.com
Email:  jisaacs@enviroadvocates.com

Attorneys for Plaintiffs
OUR CHILDREN'S EARTH FOUNDATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, STEVEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI as Regional Administrator of the United States Environmental Protection Agency,<br><br>            Defendants.<br>_____ | Case No.: 08-01461 SBA<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>FREEDOM OF INFORMATION ACT CASE |

Our Children's Earth Foundation ("OCE") alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action under the Freedom of Information Act ("FOIA"), provisions that permit aggrieved parties to seek judicial review of federal agency actions, 5 U.S.C. § 552. Specifically, Plaintiff seeks relief from conduct by Defendants United States Environmental Protection Agency ("U.S. EPA"), Steven L. Johnson Administer of U.S. EPA, and Wayne Nastri, Administrator of U.S. EPA Region 9 (collectively "EPA") in violation of FOIA which requires that federal agencies provide requested records to any person that reasonably describe said records. 5 U.S.C. § 552, *et seq*.

## JURISDICTION

2. This Court has subject matter jurisdiction over the FOIA claims under 5 U.S.C. section 552(a)(4)(B), which allows an aggrieved party to seek relief when documents are unlawfully withheld and authorizes a reviewing court to enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant.

3. This Court has personal jurisdiction over the U.S. EPA, the Administrator, and the Regional Administrator. The U.S. EPA is a federal agency established by the government of the United States.

## VENUE

4. Venue in the United States District for the Northern District of California is proper under 5 U.S.C. section 552(a)(4)(B) because Plaintiff has its principal place of business in the Northern District, and the records at issue being withheld by EPA are likely situated in the district.

## INTRADISTRICT ASSIGNMENT

5. Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rule 3-2(c) in that Plaintiff OCE's main office is also located in San Francisco County. Furthermore, U.S. EPA's Region 9 office, where Plaintiff's FOIA request was originally directed and which gave rise to Plaintiff's appeal is also located in San Francisco County.

## THE PARTIES

6. Plaintiff Our Children's Earth Foundation ("OCE") is a non-profit public benefit

corporation with offices in San Francisco, California and members throughout the United States. OCE is dedicated to protecting the public, especially children, from the health impacts of pollution and other environmental hazards and to improving environmental quality for the public benefit. Another aspect of OCE's mission is to participate in environmental decisionmaking, enforce environmental laws, both federal and state, to reduce pollution, and to educate the public concerning those laws and their enforcement.

7. The disclosure of the information requested by Plaintiff is in the public interest because such disclosure is likely to contribute significantly to public understanding regarding EPA's oversight of the City and County of Honolulu ("CCH")'s compliance with the Clean Water Act ("CWA") in operating its sewage collection and treatment system as well as EPA's diligence in tracking and tabulating CCH's sewage spills. There are no other documents, other than EPA's records, which could provide the public with any meaningfully detailed understanding of this activity.

8. Plaintiff is adversely affected by EPA's refusal to release the requested documents because such refusal discourages Plaintiff and its members from obtaining public records from EPA. In addition, without the requested information, Plaintiff and the members of the public to which Plaintiff disseminates information will neither have the benefit of understanding if EPA has identified problems with CCH's sewage collection and treatment system or whether EPA has pursued or is pursuing appropriate responses to these identified problems.

9. Defendant U.S. EPA is the agency of the United States Government responsible for administering and implementing federal environmental laws and has possession and control of the records that Plaintiff seeks in this action.

10. Defendant Steven L. Johnson, Administrator of EPA, is sued in his official capacity only. If ordered by the court, Mr. Johnson has the authority and ability to remedy the harm inflicted by Defendants' actions.

11. Defendant Wayne Nastri, Administrator of EPA Region 9 is sued in his official capacity only. If ordered by the court, Mr. Nastri has the authority and ability to remedy the harm inflicted by Defendants' actions.

**STATUTORY BACKGROUND**

12. FOIA requires federal agencies to provide copies of its records to those who request them. 5 U.S.C. § 552(a)(3)(A).

13. FOIA requires each agency of the federal government, within 20 working days of receiving a request under FOIA, to determine whether to comply with a request, to immediately notify the requestor of such determination, to notify the requestor of the reasons therefor, and to notify the requestor of the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

14. FOIA further requires each agency of the federal government to make a determination of whether to provide expedited processing and notify the requestor of such determination within 10 days after the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii).

15. Even if the agency claims an exemption from release of documents, the federal agency must provide any reasonably segregable portion of a record, indicating the amount of information deleted and where it occurred in the record. 5 U.S.C. § 552(b).

16. The court has jurisdiction to enjoin an agency from withholding agency records and to order the production of any records improperly withheld from the complainant. In such a case, the court shall determine the matter *de novo*. 5 U.S.C. § 552(a)(4)(B).

17. FOIA requires that each agency, in making any record available to a person, shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format. 5 U.S.C. § 552(a)(3)(B).

18. In addition, each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of 5 U.S.C. § 552(a)(3).

19. The Court may assess attorney fees and litigation costs against the United States if Plaintiff substantially prevails in this action. 5 U.S.C. § 552(a)(4)(E).

20. In denying a request for records, in whole or in part, an agency shall make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request, unless providing such estimate would harm an interest protected by the exemption in subsection (b) pursuant to which the denial is made. 5

U.S.C. § 552(a)(6)(F).

**FACTUAL BACKGROUND**

21. On September 18, 2007, Plaintiff submitted a FOIA request to U.S. EPA Region 9 requesting three categories of documents.

22. In the above request, Plaintiff also requested that when the documents are available in electronic format, that EPA produce them in that format.

23. The FOIA requests filed by Plaintiff reasonably described the records requested and were made in accordance with published rules of EPA.

24. Plaintiff first requested included all documents pertaining to the discharge of raw or partially treated sewage from CCH's sanitary sewer collection system from May 1, 2004 onward.

25. Second, Plaintiff requested the Discharge Monitoring Reports ("DMRs") from CCH's Sand Island wastewater treatment plant from April 2007 onward.

26. Third, Plaintiffs requested all documents in EPA's possession documenting, discussing, reporting or otherwise concerning the comprehensive review of CCH's wastewater collection system and the Sand Island and Honouliuli wastewater treatment plants referred to in paragraphs 6 and 7 of the Declaration of JoAnn Cola in Support of United States' Request to Enter Stipulated Order filed in *United States et al. v. City and County of Honolulu*, Civ. No. 07-00235 DAE-KSC.

27. Plaintiffs further requested a fee waiver pursuant to 5 U.S.C. section 552(a)(4)(A)(iii) and 40 C.F.R. section 2.120(d).

28. EPA responded to Plaintiff's September 18, 2007 request on November 14, 2007 ("EPA R9 determination").

29. The overwhelming majority of responsive documents that EPA provided in the EPA R9 determination consisted of press clippings, all provided in paper copy format even though EPA had electronic copies readily available of many or even all of these documents. No sewage spill or DMRs data was included with the EPA R9 determination.

30. The EPA R9 determination stated that there were other responsive documents to

Plaintiff's request, but EPA determined that the documents were exempt from mandatory disclosure pursuant to 5 U.S.C. 552(b)(5) and (b)(7)(A) ("FOIA exemptions 5 and 7a").

31. The EPA R9 determination did not identify the name or the total number of documents withheld pursuant to FOIA exemptions 5 or 7a. Instead, EPA identified eight grouping of documents, mostly email messages and attachments, from particular time periods that EPA was withholding pursuant to FOIA exemptions 5 and 7a.

32. The EPA R9 determination did not specifically identify how many documents each grouping consisted of or identify which exemption applied to any particular document within the groups of emails and attachments.

33. On December 13, 2007, Plaintiff submitted an appeal of the EPA R9 determination to the EPA Office of Environmental Information, Records, Privacy, and FOIA Branch ("EPA HQ").

34. EPA HQ acknowledged Plaintiff's appeal on December 14, 2007.

32. Because Plaintiff had not received a response from EPA HQ after 46 days, Plaintiff wrote to EPA HQ on February 20, 2008 urging the agency to complete action on the appeal in a timely manner.

35. On February 21, 2008, EPA HQ sent Plaintiff a letter notifying Plaintiff of a backlog and stated that the appeal would be completed in approximately two weeks.

36. On February 21, 2008, Plaintiff submitted an addendum to support the appeal that included information Plaintiff became aware of in February 2008.

37. In a letter dated March 7, 2008, EPA HQ provided Plaintiff with its appeal determination granting in part and denied in part Plaintiff's appeal of the EPA R9 determination.

38. The appeal determination released 129 documents in full and one document that was redacted. The majority of the documents released were sewage spill reports submitted to EPA by CCH. EPA had at least some of these documents readily available in electronic form, but produced them only in paper copy.

39. The appeal determination found that EPA properly withheld the rest of the documents

pursuant to FOIA exemption 7A.

40. The appeal determination stated that none of the withheld documents contained reasonably segregable information that could be released.

41. The appeal determination did not explain the total number of responsive documents that EPA was continuing to withhold pursuant to FOIA exemption 7A, nor any information identifying the dates of such documents, who generated them and to whom they were distributed (and whether they had been kept confidential within EPA or distributed to others), the subject matter of the documents, the length of the documents, or any other pertinent information sufficient to provide reasonable identification of the documents.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA**
**5 U.S.C. §§ 552(a)**

**Request for Declaratory Relief and Injunction to Compel EPA**
**to Complete Administrative Appeal**

42. Plaintiff reasserts and realleges paragraphs 1-41 above.

43. Defendant EPA has improperly withheld documents pursuant to FOIA exemption 7A responsive to Plaintiff's FOIA request.

44. Defendant EPA has failed to segregate factual information in documents withheld to FOIA exemption 7A as required by 5 U.S.C § 552(b).

45. Defendant EPA has failed to adequately identify the volume of documents withheld pursuant to FOIA exemption 7A as required by 5 U.S.C § 552(a)(6)(F) and has otherwise required to identify the documents withheld and provide sufficient justification for withholding these documents as required by FOIA.

**SECOND CLAIM FOR RELIEF**
**Violation of FOIA**
**5 U.S.C. §§ 552(a)(3)(B)**

**Request for Declaratory Relief and Injunction to Compel EPA**
**to Provide Documents in Electronic Format when Readily Available**

46. Plaintiff reasserts and realleges paragraphs 1-45 above.

47. EPA has failed to produce documents requested by Plaintiffs under FOIA in electronic format when the documents are readily reproducible by the agency in that form or format, as required by 5 U.S.C. § 552(a)(3)(B).

**REMEDY**

48. Plaintiffs have no plain, speedy, and adequate remedy, in the ordinary course of law, other than the relief sought in this Complaint, because there is no other mechanism for compelling EPA to take the action necessary under FOIA.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

49. Based on Plaintiff's knowledge to date, pursuant to Civil Local Rule 3-16, the undersigned certifies that, as of this date, other than the named parties, there is no such interest to report.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

1. A declaratory judgment pursuant to 5 U.S.C. sections 706(1) and (2) that EPA violated FOIA by failing to disclose documents responsive to Plaintiff's FOIA request;

2. An injunction pursuant to 5 U.S.C. section 552(a)(4)(B) ordering EPA to immediately disclose responsive documents;

3. An injunction pursuant to 5 U.S.C. section 552(a)(4)(B) ordering EPA to immediately to identify the volume of documents withheld pursuant to FOIA exemption 7A and to provide sufficient identification and justification of the documents withheld should EPA have properly withheld any documents;

4. A declaratory judgment pursuant to 5 U.S.C. § 552(a)(3)(B) that EPA has failed to produce documents requested by Plaintiffs under FOIA in electronic format when the documents are readily reproducible by the agency in that form or format;

5. An injunction pursuant to 5 U.S.C. section 552(a)(4)(B) ordering EPA to produce documents requested by Plaintiffs under FOIA in electronic format when the documents are readily reproducible by the agency in that form or format;

6. An award of attorneys' fees and costs to Plaintiff; and

7. Such other and further relief as this Court deems just and proper.

DATED: March 20, 2008                                Respectfully Submitted,

                                                     <u>s/ Michael A. Costa</u>
                                                     Michael A. Costa
                                                     Attorney for Plaintiff Our
                                                     Children's Earth Foundation