JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
NEILL T. TSENG (CABN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    neill.tseng@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, STEVEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI as Regional Administrator of the United States Environmental Protection Agency, <br><br> Defendants. | No. CV 08-1461 SBA <br><br> DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

    Defendants U.S. Environmental Protection Agency ("EPA"), Stephen Johnson, and Wayne Nastri (collectively, "Defendants"), by and through undersigned counsel, answer and respond to Plaintiff's First Amended Complaint as follows:

    1. Defendants neither admit nor deny the allegations contained in paragraph 1 as they constitute Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

    2. Defendants neither admit nor deny the allegations contained in paragraph 2 regarding

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF
CV 08-1461 SBA                         1

1  jurisdiction as they constitute conclusions of law to which no response is required.

2  3.  Defendants neither admit nor deny the allegation contained in the first sentence of paragraph 3 regarding jurisdiction as it constitutes a conclusion of law to which no response is required.  Defendants admit the allegations of the second sentence of paragraph 3.

3  4.  Defendants neither admit nor deny the allegations contained in paragraph 4 regarding venue as they constitute conclusions of law to which no response is required.  Defendants neither admit nor deny the allegations contained in the second clause of paragraph 4 regarding where the records at issue are likely situated, as those allegations are speculative, probabilistic, and incapable of being answered, and therefore no response is required.

4  5.  Defendants neither admit nor deny the allegations in the first sentence of paragraph 5 as they constitute Plaintiff's characterization of a local rule to which no response is required.  Defendants admit the allegation in the second sentence of paragraph 5.

5  6.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis, deny the allegations.

6  7.  Defendants neither admit nor deny the allegations in the first sentence of paragraph 7 as they constitute speculation and opinion.  To the extent a response is required, Defendants deny the allegations in this sentence.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 7, and on that basis, deny the allegations.

7  8.  Defendants deny the allegations contained in paragraph 8.

8  9.  Defendants admit the allegations in paragraph 9 and aver that the defendant agency maintains certain records which were withheld from Plaintiff in response to its request under the Freedom of Information Act.

9  10.  Defendants neither admit nor deny the allegations contained in paragraph 10 as they constitute conclusions of law to which no response is required.

10  11.  Defendants neither admit nor deny the allegations contained in paragraph 11 as they constitute conclusions of law to which no response is required.

11  12.  Defendants neither admit nor deny the allegation in paragraph 12 as it constitutes

Plaintiff's characterization of the Freedom of Information Act to which no response is required.

13. Defendants neither admit nor deny the allegations in paragraph 13 as they constitute Plaintiff's characterization of the Freedom of Information Act to which no response is required.

14. Defendants neither admit nor deny the allegations in paragraph 14 as they constitute Plaintiff's characterization of the Freedom of Information Act to which no response is required.

15. Defendants neither admit nor deny the allegations in paragraph 15 as they constitute Plaintiff's characterization of the Freedom of Information Act to which no response is required.

16. Defendants neither admit nor deny the allegations in paragraph 16 as they constitute Plaintiff's characterization of the Freedom of Information Act to which no response is required.

17. Defendants neither admit nor deny the allegations in paragraph 17 as they constitute Plaintiff's characterization of the Freedom of Information Act to which no response is required.

18. Defendants neither admit nor deny the allegations in paragraph 18 as they constitute Plaintiff's characterization of the Freedom of Information Act to which no response is required.

19. Defendants neither admit nor deny the allegation in paragraph 19 as it constitutes Plaintiff's characterization of the Freedom of Information Act to which no response is required.

20. Defendants neither admit nor deny the allegations in paragraph 20 as they constitute Plaintiff's characterization of the Freedom of Information Act to which no response is required.

21. Defendants deny the allegation in paragraph 21 except to aver receipt of a request under the Freedom of Information Act (FOIA) from Plaintiff, dated September 18, 2007, which document speaks for itself and to which Defendants respectfully refer the Court for its full and complete contents.

22. Paragraph 22 is a characterization of Plaintiff's FOIA request dated September 18, 2007, to which no response is necessary. The document speaks for itself and Defendants respectfully refer the Court to that letter for its full and complete contents.

23. Defendants neither admit nor deny the allegations contained in paragraph 23 as they constitute conclusions of law to which no response is required.

24. Paragraph 24 is a characterization of Plaintiff's FOIA request dated September 18, 2007, to which no response is necessary. The document speaks for itself and Defendants respectfully

refer the Court to that letter for its full and complete contents.

25. Paragraph 25 is a characterization of Plaintiff's FOIA request dated September 18, 2007, to which no response is necessary. The document speaks for itself and Defendants respectfully refer the Court to that letter for its full and complete contents.

26. Paragraph 26 is a characterization of Plaintiff's FOIA request dated September 18, 2007, to which no response is necessary. The document speaks for itself and Defendants respectfully refer the Court to that letter for its full and complete contents.

27. Paragraph 27 is a characterization of Plaintiff's FOIA request dated September 18, 2007, to which no response is necessary. The document speaks for itself and Defendants respectfully refer the Court to that letter for its full and complete contents.

28. Defendants admit the allegation in paragraph 28, and respectfully refer the Court to the November 14, 2007 letter from EPA for its full and complete contents.

29. To the extent the allegations in paragraph 29 seek to characterize the documents provided in Defendants' response to Plaintiff's request and the format in which they were provided, the documents speak for themselves and no response is required. To the extent a response is required, Defendants deny anything inconsistent with the contents of the documents. As to the allegation in the second clause of the first sentence of paragraph 29, Defendants deny Plaintiff's characterization of the ready availability of said documents in electronic format.

30. To the extent the allegations in paragraph 30 seek to characterize Defendants' response to Plaintiff's request, the document speaks for itself and no response is required. To the extent a response is required, Defendants deny anything inconsistent with the contents of the document.

31. To the extent the allegations in paragraph 31 seek to characterize Defendants' response to Plaintiff's request, the document speaks for itself and no response is required. To the extent a response is required, Defendants deny anything inconsistent with the contents of the document.

32. There are two paragraphs numbered 32 in Plaintiff's First Amended Complaint. In answer to the first paragraph numbered 32, to the extent the allegations in that paragraph seek to characterize Defendants' response to Plaintiff's request, the document speaks for itself and no response is required. To the extent a response is required, Defendants deny anything inconsistent

with the contents of the document.

33. Defendants deny the allegation in paragraph 33, except to aver receipt of a letter dated December 13, 2007, which document speaks for itself and to which Defendants respectfully refer the Court for its full and complete contents.

34. Defendants deny the allegation in paragraph 34, except to aver EPA's acknowledgment, in a letter dated December 17, 2008, of an appeal under the Freedom of Information Act from Plaintiff, to which letter Defendants respectfully refer the Court for its full and complete contents.

35. There are two paragraphs numbered 32 in Plaintiff's First Amended Complaint. In answer to the second paragraph numbered 32, Defendants lack information upon which to admit or deny the allegations in the first clause of the paragraph and, on that basis, deny the allegations. Defendants deny the remaining allegations of the second paragraph numbered 32, except to aver receipt of a letter dated February 20, 2008, which document speaks for itself and to which Defendants respectfully refer the Court for its full and complete contents.

36. Defendants admit the allegations of paragraph 35 and respectfully refer the Court to EPA's letter dated February 21, 2008, for its full and complete contents.

37. Defendants lack information upon which to admit or deny the allegations of paragraph 36 and, on that basis, deny the allegations.

38. Defendants admit the allegations of paragraph 37 and respectfully refer the Court to EPA's letter dated March 7, 2008, for its full and complete contents.

39. Defendants neither admit nor deny the allegations of paragraph 38 as they constitute Plaintiff's characterization of EPA's letter of March 7, 2008, which document speaks for itself and to which Defendants respectfully refer the Court for its full and complete contents, and therefore no response is required. As to the final sentence of paragraph 38, Defendants admit that some of the documents were present in Defendant's files in electronic form, but deny Plaintiff's characterization of the ready availability of said documents for release in electronic format. Defendants further aver that substantial portions of the documents provided were not present in Defendant's files in electronic format and, hence, were not readily available for release

1  to Plaintiff in electronic format.

2     40.  Defendants admit the allegations of paragraph 39 and respectfully refer the Court to
3  EPA's letter dated March 7, 2008, for its full and complete contents.

4     41.  Defendants admit the allegations of paragraph 40 and respectfully refer the Court to
5  EPA's letter dated March 7, 2008, for its full and complete contents.

6     42.  Defendants neither admit nor deny the allegations of paragraph 41 as they constitute
7  Plaintiff's characterization of EPA's letter of March 7, 2008, which document speaks for itself
8  and to which Defendants respectfully refer the Court for its full and complete contents, and
9  therefore no response is required.

10    43.  Paragraph 42 contains a statement for which no answer is required.  To the extent an
11 answer is required, Defendants repeat and reallege the responses to paragraphs 1 through 41
12 (including both paragraphs numbered 32) as if set forth fully herein.

13    44.  Defendants deny the allegation of paragraph 43.

14    45.  Defendants deny the allegation of paragraph 44.

15    46.  Defendants deny the allegations of paragraph 45.

16    47.  Paragraph 46 contains a statement for which no answer is required.  To the extent an
17 answer is required, Defendants repeat and reallege the responses to paragraphs 1 through 45
18 (including both paragraphs numbered 32) as if set forth fully herein.

19    48.  Defendants deny Plaintiff's characterization in paragraph 47 of the ready availability in
20 electronic format of documents that were produced.

21    49.  The allegations contained in paragraph 48 constitute conclusions of law to which no
22 response is required.  To the extent a response is required, Defendants deny the allegations in this
23 paragraph.

24    50.  The remaining paragraphs of the Complaint constitute a Disclosure of Non-Party
25 Interested Entities or Persons which does not apply to Defendants and a prayer for relief to which
26 no response is required.

27    51.  Defendants deny all allegations contained in the Complaint requiring a response that
28 have not been specifically admitted.

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

**SECOND AFFIRMATIVE DEFENSE**

Stephen Johnson and Wayne Nastri are not proper parties defendant to this action.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust its administrative remedies as to the requested format of documents it seeks.

**FOURTH AFFIRMATIVE DEFENSE**

Certain documents in this action were properly withheld pursuant to 5 U.S.C. § 552 (b).

**FIFTH AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**

There is no provision under FOIA for obtaining declaratory relief.

**SEVENTH AFFIRMATIVE DEFENSE**

Pursuant to the Confidentiality Agreement that Plaintiff entered into with the United States and the State of Hawaii on December 6, 2005, certain documents for which Plaintiff now seeks to compel public disclosure are, in fact, protected from such disclosure by the terms of that agreement. The Confidentiality Agreement remains in force and effect.

WHEREFORE, Defendants pray that:

1. The Complaint be dismissed with prejudice;
2. Plaintiff take nothing by this action;
3. No injunctive relief be awarded to Plaintiff;
4. The Court enter judgment in favor of Defendants; and
5. The Court grant such other and further relief as it deems just and proper.

//
//
//

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| 4  Dated: April 30, 2008 | /s/<br>NEILL T. TSENG<br>Assistant United States Attorney |

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CV 08-1461 SBA                                8