1  Michael Costa (Bar No. 219416)
   3848 Sacramento Street, # 2
2  San Francisco, California  94118
   Telephone: (415) 342-0042
3  Email:  mike@ocefoundation.org

4  Jodene L. Isaacs (Bar No. 226895)
   Christopher A. Sproul (Bar No. 126398)
5  Environmental Advocates
   5135 Anza Street
6  San Francisco, California  94121
   Telephone: (415) 533-3376
7  Facsimile: (415) 358-5695
   Email: jisaacs@enviroadvocates.com
8  Email:  csproul@enviroadvocates.com

9
10                     UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF CALIFORNIA
11

12  OUR CHILDREN'S EARTH
    FOUNDATION,                              Case No. C 08-01461 SBA

13              Plaintiff,
                                             JOINT CASE MANAGEMENT
14       v.                                  STATEMENT AND [PROPOSED]
                                             CASE MANAGEMENT ORDER
15
    U.S. ENVIRONMENTAL PROTECTION
16  AGENCY, STEVEN L. JOHNSON,               Date:       June 19, 2008
    And WAYNE NASTRI.                        Time:       2:45 p.m.
17                                           Courtroom:  3, 3rd Floor
                                             Judge:      Hon. Saundra Brown
18              Defendants.                              Armstrong

19
20
21
22
23
24
25
26
27
28

370962.1

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order.

## 1. Jurisdiction and Service

This court has federal subject matter jurisdiction over Plaintiff's claims based on the Freedom of Information Act ("FOIA") provision that permits aggrieved parties to seek judicial review of federal agency actions, 5 U.S.C. § 552(a)(4)(B). There are no additional parties to be served.

## 2. Factual Events Underlying Action.

On September 18, 2007, Plaintiff submitted a FOIA request to U.S. EPA Region 9 requesting three categories of documents pertaining to sewage spills and waste water treatment plant ("WWTP") operations by the City and County of Honolulu ("CCH"). When EPA responded to Plaintiff's FOIA request on November 14, 2007 ("EPA R9 determination"), the majority of responsive documents that EPA provided in the EPA R9 determination consisted of press clippings. No sewage spill reports or WWTP data was included with the EPA R9 determination. The EPA R9 determination stated that there were other responsive documents to Plaintiff's request, but EPA determined that the documents were exempt from mandatory disclosure pursuant to 5 U.S.C. 552(b)(5) and (b)(7)(A) ("FOIA exemptions 5 and 7a"). The EPA R9 determination identified eight groups of documents that EPA was withholding pursuant to FOIA exemptions 5 and 7a.

Plaintiff appealed the EPA R9 determination to the EPA Office of Environmental Information, Records, Privacy, and FOIA Branch ("EPA HQ") on December 13, 2007. In a letter dated March 7, 2008, EPA HQ provided Plaintiff with its appeal determination granting in part and denying in part Plaintiff's appeal of the EPA R9 determination. The appeal determination released 129 documents in full and one redacted document. The majority of the documents released were sewage spill reports submitted to EPA by CCH. The appeal determination found that EPA properly withheld all of the remaining documents pursuant to FOIA exemption 7a. The appeal determination

stated that none of the withheld documents contained reasonably segregable information. The appeal determination did not provide any further information identifying the withheld documents such as who authored the document, to whom they were distributed, the subject matter of the documents, dates associated with the documents, or any other pertinent information sufficient to identify the number and/or type of responsive documents that EPA was continuing to withhold pursuant to FOIA exemption 7a.

**3.     Legal Issues in Dispute.**

The parties dispute the following legal issues:

   a.   Whether EPA has properly withheld responsive documents pursuant to FOIA exemption 7a.

   b.   Whether EPA has failed to segregate factual information in documents withheld pursuant to FOIA exemption 7a as required by 5 U.S.C § 552(b).

   c.   Whether EPA has adequately estimated the volume of documents withheld pursuant to FOIA exemption 7a under 5 U.S.C § 552(a)(6)(F) and has otherwise identified the documents withheld and provided sufficient justification for withholding the documents as required by FOIA.

**4.     Motions**

Defendants intend to file a motion to transfer venue to the District of Hawaii under 28 U.S.C. § 1404(a).  Plaintiff's position is that the motion to transfer venue is improper because the District of Hawaii does meet the factors for subject matter jurisdiction set forth in 5 U.S.C. § 552(a)(4)(B).   Thus, Plaintiff intends to oppose the motion if it is filed.

The parties intend to file cross-motions for summary judgment, wherever venue may lie.

The parties have been and continue to meet and confer regarding the appropriate type of Vaughn index or other characterization of the documents Defendants believe to be exempt from

disclosure. The parties expect to meet and confer on this matter again before the Case Management Conference, but should the parties be unable to reach an agreement, Plaintiff may file a motion to compel.

**5.      Amendment of Pleadings**

At present, neither party anticipates any amendment of pleadings and there are no parties, claims, or defenses expected to be added or dismissed.

**6.      Evidence Preservation**

As Plaintiff is relying solely on documents received from or exchanged with Defendants, Plaintiff has preserved all documents and communications that are potentially relevant to this case.

Defendants are taking and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Defendants are presently aware of no document destruction programs that would apply in this case.

**7.      Disclosures**

Plaintiff has expressed to Defendants its view that initial disclosures are not appropriate in this action. Because this report serves as the parties' proposed discovery plan, Plaintiff asserts that it has thus fully and timely complied with the initial disclosure requirements pursuant to Fed. R. Civ. P. 26(a)(1)(C).

Based on Plaintiff's expressed view that initial disclosures are not appropriate, Defendants understand Plaintiff to be stating an objection that will be ruled on by the Court pursuant to Rule 26(a)(1)(C).

Defendants assert that Defendants fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26 on June 9, 2008. Defendants disclosed the names and contact information of individuals likely to have discoverable information as described under Rule 26(a)(1)(A), although Defendants asserted that discovery and witness testimony are inappropriate in FOIA litigation. Defendants also served on Plaintiff copies of documents under Rule 26(a)(1)(B). Defendants claimed no damages and had no applicable insurance agreement to disclose.

JOINT CASE MANAGEMENT STATEMENT
C08-01461 SBA                                                                                                                                              3

**8.     Discovery**

Plaintiff requests that no further limits on discovery beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules presently be imposed. However, the parties do not expect that discovery will occur given that FOIA complaints are generally resolved through dispositive motions, and Defendants take the position that discovery and witness testimony are inappropriate in FOIA litigation.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

Defendant EPA has two Clean Water Act ("CWA") enforcement cases, that have been resolved with stipulated orders, against the City and County of Honolulu before Judge David A. Ezra of the District of Hawaii: *United States, et al. v. City and County of Honolulu*, Civ. No. 94-00765 DAE-KSC and *United States, et al. v. City and County of Honolulu*, Civ. No. 07-00235 DAE-KSC. Plaintiff intervened in each case. Plaintiff has a separate CWA citizen enforcement action pending against CCH before Judge Ezra: *Sierra Club et al. v. City and County of Honolulu*, Civ. No. 04-00463-DAE-BMK. None of the underlying legal questions in aforementioned three cases pertain to FOIA; they all involve violations of the CWA. However, the subject matter of Plaintiff's FOIA request involves documents that pertain to CCH's compliance with the CWA and is that sense related to the three enforcement cases against CCH.

**11.    Relief**

Plaintiff seeks a (1) a declaratory judgment pursuant to 5 U.S.C. sections 706(1) and (2) that EPA violated FOIA by failing to disclose documents responsive to Plaintiff's FOIA request in whole or in part; (2) an injunction pursuant to 5 U.S.C. section 552(a)(4)(B) ordering EPA to immediately disclose responsive documents in whole or in part and to produce said documents in electronic format if they are readily reproducible by EPA in an electronic format; (3) an injunction

pursuant to 5 U.S.C. section 552(a)(4)(B) ordering EPA to provide sufficient identification and justification of any documents EPA may continue to withhold pursuant to 5 U.S.C. § 552(b)(7)(A); and (4) an award of attorneys' fees and costs to Plaintiff employing the prevailing commercial rates charged by attorneys in the San Francisco legal market with comparable experience to Plaintiff's counsel times the number of hours Plaintiff's counsel reasonably spent representing Plaintiff in this matter.

Defendants seek dismissal and costs.

**12.     Settlement and ADR**

The parties have filed a Stipulation and Proposed Order Selecting the ADR process of court sponsored mediation to be held 90 days after Defendants' venue motion is decided should any informal settlement discussions held by that point not succeed in resolving this case.

**13.     Consent to Magistrate Judge For All Purposes**

Plaintiff consents to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Defendants do not consent to assignment of this case to a magistrate judge.

**14.     Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

At present, the parties are aware of no other legal issues that can be narrowed by agreement or by motion.

**16.     Expedited Schedule**

Plaintiff asserts that this case could be handled on an expedited basis with streamlined procedures should the court so choose.

Defendants assert that a normal schedule for FOIA cases should apply.

**17.     Case Management and Scheduling**

The parties are meeting and conferring but have not yet agreed upon a dispositive motion

schedule to resolve Claims 1 and 2.  The case management schedule will be affected by whether the parties can agree on an appropriate Vaughn Index or another mutually acceptable characterization of the withheld documents to be produced in a timeframe amenable to both parties.

<u>Plaintiff's Proposed Schedule</u>

Defendant's Produce Vaughn Index of Withheld Documents: July 7, 2008

Defendants' Motion for Summary Judgment: August 5, 2008

Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Cross Motion for Summary Judgment: August 26, 2008

Defendants' Reply and Opposition to Plaintiff's Cross Motion for Summary Judgment: September 2, 2008

Plaintiff's Reply to Defendant' Opposition: September 16, 2008

Hearing on Cross-Motions for Summary Judgment: October 7, 2008

Plaintiff believes that a motion to transfer venue is inappropriate on the grounds that the District of Hawaii lacks subject matter jurisdiction over this action.  Plaintiff also believes that Vaughn Index is legally required in this case.  Thus, Plaintiff's proposed schedule reflects the view that this matter can and should be resolved in a timely manner.

<u>Defendants' Proposed Schedule</u>

Defendants are still meeting and conferring with Plaintiff on an appropriate type of Vaughn Index or other characterization of the withheld documents to be produced in a timeframe amenable to both parties.  Defendants do not agree that a complete Vaughn index is necessary or appropriate to meet Defendants' burden of proof.  Defendants are engaged in discussions with Plaintiff regarding this matter, in hopes of reaching a resolution that eliminates or greatly reduces the indexing burden in this matter.

However, if Defendants are ultimately required to prepare a complete Vaughn Index,

Defendants propose the following schedule:

1. If Defendants are required to prepare a complete Vaughn Index, Defendants propose to do so by October 21, 2008.
2. Defendants' Motion for Summary Judgment filed: October 21, 2008
3. Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Cross Motion for Summary Judgment: November 11, 2008
4. Defendants' Reply and Opposition to Plaintiff's Cross Motion for Summary Judgment: November 25, 2008
5. Plaintiff's Reply to Defendant' Opposition: December 9, 2008
6. Hearing on Cross-Motions for Summary Judgment: December 23, 2008

If the parties successfully negotiate a resolution to the Vaughn index issue and an appropriate timeframe, the parties may submit a revised schedule or stipulation advancing the time for filing the cross motions for summary judgment.

**18.    Trial**

As FOIA cases are generally resolved through motions for summary judgment, it is likely that only an oral argument on the parties' respective motions for summary judgment, rather than a trial or evidentiary hearing, will resolve this matter.   However, should Defendants refuse to produce any sort of index further describing the withheld documents, Plaintiff does not foreclose the possibility that a limited evidentiary hearing (1 or 2 days) could be needed to resolve limited factual issues pertaining to the withheld documents.  Defendants assert that no evidentiary hearing or trial is necessary or appropriate.

**19.    Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 in their complaint.  There are no other entities known by Plaintiff to have either: (i) a

financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.  As a governmental agency, Defendants are exempt from the disclosure requirement of Civil Local Rule 3-16.

Respectfully submitted,

**Dated:** June 12, 2008  /s/ Jodene Isaacs
Attorney for Plaintiff, Our Children's Earth Foundation


JOSEPH P. RUSSONIELLO
United States Attorney

**Dated:** June 12, 2008  /s/ Neill T. Tseng
NEILL T. TSENG
Assistant United States Attorney
Attorney for Defendants

JOINT CASE MANAGEMENT STATEMENT
C08-01461 SBA                                                                                                   8

**PLAINTIFF'S [PROPOSED] ORDER**

IT IS HEREBY ORDERED THAT:

Discovery in this matter shall proceed as provided for by the Federal Rules of Civil Procedure and the Local Rules of this Court. The schedule for dispositive motions shall be as follows:

    Defendant's Produce Vaughn Index of Withheld Documents: July 7, 2008

    Defendants' Motion for Summary Judgment: August 5, 2008

    Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Cross Motion for Summary Judgment: August 26, 2008

    Defendants' Reply and Opposition to Plaintiff's Cross Motion for Summary Judgment: September 2, 2008

    Plaintiff's Reply to Defendant' Opposition: September 16, 2008

    Hearing on Cross-Motions for Summary Judgment: October 7, 2008

Dated: _____, 2008

                                               _____
                                               Saundra Brown Armstrong
                                               United States District Judge

**DEFENDANTS' [PROPOSED] ORDER**

IT IS HEREBY ORDERED THAT:

There shall be no discovery in this action.

If Plaintiff files a motion to compel and Defendants are ordered to produce a complete Vaughn index of withheld documents, then Defendants shall do so by October 21, 2008, and the schedule for dispositive motions shall be as follows:

Defendants' Motion for Summary Judgment: October 21, 2008

Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Cross Motion for Summary Judgment: November 11, 2008

Defendants' Reply and Opposition to Plaintiff's Cross Motion for Summary Judgment: November 25, 2008

Plaintiff's Reply to Defendant' Opposition: December 9, 2008

Hearing on Cross-Motions for Summary Judgment: December 23, 2008

If Plaintiff files a motion to compel and Defendants are not ordered to produce a complete Vaughn index of withheld documents, then the Court will schedule a further case management conference after the Court's order denying Plaintiff's motion to compel to discuss scheduling.

Dated: _____, 2008

_____
Saundra Brown Armstrong
United States District Judge

370962.1