Michael Costa (Bar No. 219416)
3848 Sacramento Street, # 2
San Francisco, California  94118
Telephone: (415) 342-0042
Email:  mike@ocefoundation.org

Jodene L. Isaacs (Bar No. 226895)
Christopher A. Sproul (Bar No. 126398)
Environmental Advocates
5135 Anza Street
San Francisco, California  94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email:  csproul@enviroadvocates.com
Email:  jisaacs@enviroadvocates.com

Attorneys for Plaintiffs
OUR CHILDREN'S EARTH FOUNDATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, STEVEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI as Regional Administrator of the United States Environmental Protection Agency,<br><br>        Defendants.<br>_____ | Case No.: 08-01461 SBA<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE<br><br><br>DATE: July 29, 2008<br>TIME: 1:00 pm<br>PLACE: Courtroom 3, 3rd Floor<br>Honorable Saundra Brown Armstrong |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

## I.  INTRODUCTION

Plaintiff Our Children's Earth Foundation ("OCE") brought this complaint under the Freedom of Information Act ("FOIA") which permits aggrieved parties to seek judicial review of federal agency actions, 5 U.S.C. § 552(a)(4)(B).  Pursuant to 28 U.S.C. § 1404(a), Defendants' United States Environmental Protection Agency, Steven L. Johnson Administer of U.S. EPA, and Wayne Nastri, Administrator of U.S. EPA Region 9 (collectively "EPA") seek to transfer this case to the District of Hawaii.  OCE and EPA both have Clean Water Act "(CWA") enforcement cases against the City and County of Honolulu ("CCH") before Judge David Ezra of the District of Hawaii.   However, 28 U.S.C. § 1404(a) only allows a transfers to district courts where a Plaintiff's complaint could have originally been filed.  OCE believes that the District of Hawaii lacks subject matter jurisdiction to take this case, despite the fact the that records at issue pertain to CCH and enforcement cases before that court.  For that reason, transfer to the District of Hawaii is improper.

## II.  ARGUMENT

### 1.  FOIA Section 552(a)(4)(B) is Grants Jurisdiction

The constitutional bounds of federal courts' subject-matter jurisdiction are defined by Article III, Section 2 of the U.S. Constitution.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995) *citing Kokkonen v. Guardian Life Ins. Co. of America*, 114 S. Ct. 1673, 1675 (1994) (*internal citations omitted*).  Congress granted district courts jurisdiction to hear and grant injunctive relief for claims arising under FOIA.  5 U.S.C. § 552(a)(4)(B).  The section granting jurisdiction states:

> "the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

5 U.S.C. § 552(a)(4)(B).

OCE does not believe the word 'jurisdiction' as it appears in this section can be read lightly. The Supreme Court states that the word 'jurisdiction' means the court's power to adjudicate the case, i.e., subject matter jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630; 122 S. Ct. 1781; 152 L. Ed. 2d 860 (2002) (jurisdiction means "the courts' statutory or constitutional power to adjudicate the case" ... and such subject matter jurisdiction " can never be forfeited or waived") *citing Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")

With respect to section 552(a)(4)(B), the Supreme Court has likewise explained that this section grants federal courts with subject matter jurisdiction to redress FOIA related claims. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150, 63 L. Ed. 2d 267, 100 S. Ct. 960 (1980). "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552" based on a finding that an "agency has (1) improperly (2) withheld (3) agency records." *Id*., *see also Department of Justice v. Tax Analysts*, 492 U.S. 136, 142, 106 L. Ed. 2d 112, 109 S. Ct. 2841 (1989) (district courts lack jurisdiction to devise remedies to force an agency to comply with FOIA's unless the court finds that the agency has improperly withheld agency documents.)

The 9th Circuit and other courts in the Northern District of California likewise read 5 U.S.C. § 552(a)(4)(B) as a grant of subject matter jurisdiction providing district courts with the authority to remedy FOIA violations. *Spurlock,* 69 F.3d at 1015-16 (9th Cir. 1995) (following *Kissinger* in finding 552(a)(4)(B) confers jurisdiction on a district court to redress wrongful withholdings of responsive records); *Cal-Almond v. U.S. Dept. of Agriculture*, 960 F.2d 105, 108 (9th Cir. 1992) (FOIA grants the district court jurisdiction to order the production of any agency records improperly withheld from the complainant); *Baizer v. United States Dep't of the Air Force*, 887 F. Supp. 225, 226-27 (N.D. Cal 1995) (following *Tax Analysts* finding that "federal subject matter jurisdiction in a Freedom of Information Act case is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records").

1    In seeking this transfer, Defendants have ignored the plain language of the statute. The word 'venue' does not appear anywhere within 5 U.S.C. section 552. However, Defendants described section 552(a)(4)(B) as a venue provision. *Defendants' Motion to Transfer Venue*, Docket Document No. 11, page 11, footnote 5.

While there are a few published decisions where courts have discussed venue in conjunction with section 552(a)(4)(B), it would be improper to read such cases as supporting the notion that this section simply dictates the appropriate forum for venue purposes. Some District of Columbia courts, in explaining the provision and its special jurisdictional grant to courts in the District of Columbia, have stated that section 552(a)(4)(B) confers venue. *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (characterizing section 552(a) (4) (B) as the "FOIA venue provision" and recognizing an enhanced presumption favoring venue in the District of Columbia in FOIA suits), *but see Jones v. United States Nuclear Regulatory Comm.*, 654 F. Supp. 130, 131-32 (D.D.C. 1987) ("Section 552(a)(4)(B) of FOIA gives this court subject matter jurisdiction over all actions brought under the Act, and makes this an appropriate forum for venue purposes.")

However, most courts follow the plain meaning of the statute and read section 552(a)(4)(B) as providing subject matter jurisdiction to courts and allowing them to redress FOIA violations. *Murphy v. Tennessee Valley Authority*, 559 F. Supp. 58, 59 (D.D.C. 1983) (rejecting agency position that section 552(a)(4)(B) is venue rather than jurisdictional grant); *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981) (finding section 552(a)(4)(B) places jurisdiction in the judicial district where complainant resides, not to particular courts within that district).

**2.    Only the Northern District and the District of Columbia May Hear This Case**

Defendants' are incorrect when they state that the documents at issue have no connection to this forum. *Defendants' Motion to Transfer Venue*, page 5. OCE's place of business is located in San Francisco. OCE's FOIA request was sent to EPA Region 9 in San Francisco. EPA staff and attorneys that responded to OCE's FOIA request are located in San Francisco. Lastly, as far as OCE is aware, all of the records at issue are located in San Francisco. Thus, a plain reading of 5 U.S.C. § 552(a)(4)(B) requires a finding that only the Northern District of California (or the D.C. District Court) have the authority to hear and remedy OCE's FOIA complaint.

**3.     Plaintiff Will Waive Venue Flaws.**

Subject matter jurisdiction cannot be waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). However, flaws to venue may be overcome by the parties waiving their objections. 28 U.S.C. § 1406(b). Should this Court find that 5 U.S.C. § 552(a)(4)(B) is properly read as a venue rather than a jurisdiction conferring provision, Plaintiff will waive any venue flaws associated with a transfer to the District of Hawaii.

DATED: July 3, 2008                                    Respectfully Submitted,

*[signature: Jodene Isaacs]*

_____
Jodene Isaacs
Attorney for Plaintiff Our
Children's Earth Foundation