JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
NEILL T. TSENG (CABN 220348)
Assistant United States Attorney
DAVID ZHOU (Law Student)
Certified Law Clerk

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    neill.tseng@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, STEVEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI as Regional Administrator of the United States Environmental Protection Agency,<br><br>    Defendants. | No. C 08-01461 SBA<br>**E-FILING CASE**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE DISTRICT OF HAWAII**<br><br>Date: July 29, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 3, 3rd Floor<br>Honorable Saundra Brown Armstrong |

Defendants United States Environmental Protection Agency, Stephen L. Johnson, and Wayne Nastri (collectively, the "Defendants") respectfully submit this reply memorandum in support of their motion to transfer venue to the District of Hawaii.

**I.    INTRODUCTION**

Defendants' motion to transfer venue to the District of Hawaii should be granted. Plaintiff Our Children's Earth Foundation ("Plaintiff" or "OCE") has expressly waived any objection to transferring venue as long as jurisdiction would be proper. Opp. Mem. at 5. The only question Plaintiff raises is whether jurisdiction in the District of Hawaii would be proper.

Jurisdiction would be proper for three reasons: first, jurisdiction is established under the federal question statute, 28 U.S.C. § 1331, because this FOIA action arises under a law of the United States; second, the statute Plaintiff relies on, 5 U.S.C. § 552(a)(4)(B), is a venue provision, not a jurisdictional one, and Plaintiff has waived any objection to venue; and third, even if §552(a)(4)(B) could be said to govern jurisdiction over original actions, Plaintiff's complaint qualifies for transfer to the District of Hawaii because the case "might have been brought" as a crossclaim to an existing action in Hawaii.

## II.   ARGUMENT

### A.   SECTION 552(a)(4)(B) ESTABLISHES VENUE, NOT JURISDICTION.

Plaintiff argues that § 552(a)(4)(B) grants subject matter jurisdiction rather than venue to specific district courts, and that the District of Hawaii would not have jurisdiction to hear the instant FOIA claim under that statute. Although it appears to be an issue of first impression in the Ninth Circuit,[1] one district court has expressly analyzed the issue and concluded that in FOIA cases, jurisdiction is established under 28 U.S.C. § 1331[2] because the subject matter presents a federal question, while venue is established under § 552(a)(4)(B):

> Subject matter jurisdiction, venue, personal jurisdiction and service of

---

[1] The Ninth Circuit cases cited by Plaintiff, Opp. Mem. at 3, do not address the issue raised here. Spurlock v. Federal Bureau of Investigation, 69 F.3d 1010 (9th Cir. 1995), addressed whether the FBI had to disclose documents that the district court had already determined to be exempt under FOIA, and did not concern venue at all. Similarly, Cal-Almond v. U.S. Dep't of Agriculture, 960 F.2d 105 (9th Cir. 1992), discussed whether the Department of Agriculture's lists of almond growers were properly exempt from disclosure under FOIA, and did not address venue.

Nor did Baizer v. U.S. Dep't of the Air Force, 887 F. Supp. 225 (N.D. Cal. 1995), address venue. In that case, Judge Smith stated that "[u]nder 5 U.S.C. § 552(a)(4)(B), federal subject matter jurisdiction in a FOIA case is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" Id. at 226-27 (citation omitted). Judge Smith concluded that Supreme Court opinions stored in an Air Force computer database are not "agency records" and do not have to be disclosed under FOIA. Id. at 229.

[2] 28 U.S.C. § 1331 states in its entirety, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

DEFS.' REPLY IN SUPP. OF MOT. TO TRANSFER VENUE TO D. HAW.
C 08-1461 SBA

process are related but independent concepts and all four requirements must be satisfied in every case. See 4 Wright & Miller, Federal Practice and Procedure § 1063 at 329 (2002). In the present case, the docket indicates that service of process and personal jurisdiction have been satisfied. **Subject matter jurisdiction has been established because the FOIA presents a federal question under 28 U.S.C. § 1331.** Thus, the only remaining question is whether venue is proper in the Eastern District of Wisconsin.

As to venue, the FOIA provides,

> On complaint, the district court of the United States in the district in which the complainant resides, or has principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).

**Section 552(a)(4)(B) is a venue provision statute and not a jurisdiction conferring statute.** Jones v. United States Nuclear Regulatory Comm'n, 654 F. Supp. 130 (D.D.C. 1987). Venue for an FOIA claim is proper in any district in which the complainant resides or has its principal place of business, the district in which the records are situated, or in the District of Columbia. In re Scott, 228 U.S. App. D.C. 278, 709 F.2d 717, 720 (D.C. App. 1983).

O'Neill v. United States Dep't of Justice, 2007 WL 983143, slip op. at *6 (E.D. Wis. 2007) (emphasis added).

Consistent with this analysis, district courts within the Ninth Circuit have described § 552(a)(4)(B) as a venue provision. For example, this very court stated that "**venue** is not proper in this district" when the requirements of § 552(a)(4)(B) were not satisfied because the plaintiff resided in Kansas and the records were located in Washington, D.C. and Hawaii. Keen v. Federal Bureau of Investigation, 1997 WL 671711, *1 (N.D. Cal. 1997) (emphasis added). Likewise, the district court for the District of Arizona described section 552(a)(4)(B) as "[t]he FOIA **venue** provision." Haswell v. Nat'l R.R. Passenger Corp., 2006 WL 839067, slip op. at *1 (D. Ariz. 2006) (emphasis added).

In support of its position, Plaintiff cites two cases from the district court for the District of Columbia decided in the 1980s. See Opp. Mem. at 4.[3] More recently, however, that court has

---

[3]  Plaintiff also cites Weber v. Coney, 642 F.2d 91, 93 (5th Cir. 1981), but that case addressed the question of whether a case was properly transferred between two divisions of the

DEFS.' REPLY IN SUPP. OF MOT. TO TRANSFER VENUE TO D. HAW.
C 08-1461 SBA

3

1  stated that "[u]nder the FOIA **venue** statute, 5 U.S.C. 552(a)(4)(B), **venue** is always proper in the
2  District of Columbia." Boggs v. United States, 987 F. Supp. 11, 18 n.4 (D.D.C. 1997) (emphasis
3  added)**.**  Moreover, the United States Court of Appeals for the District of Columbia has
4  characterized the FOIA section as a venue statute in at least two published decisions. See Lykins
5  v. United States Dep't of Justice, 725 F.2d 1455, 1462 n.7 (D.C. Cir. 1984) (stating that
6  "Congress explicitly laid venue in FOIA cases" in the courts outlined in § 552(a)(4)(B));
7  In re Scott, 709 F.2d 717, 720 (D.C. Cir. 1983) (describing § 552(a)(4)(B) as "the applicable
8  FOIA venue provision"); accord Banks v. Partyka, 2007 WL 2693180, slip op. at *5 (W.D. Okla.
9  2007) ("Under both FOIA and the Privacy Act, venue is proper in the district where claimant
10  resides, in the district where agency records are situated, or in the District of Columbia.").  These
11  holdings of the D.C. Court of Appeals and the recent holding of the D.C. district court in Boggs
12  are entitled to appropriate deference. See Scott, 709 F.2d at 720 (noting that Congress believed
13  District of Columbia courts had "substantial expertise in working with the FOIA") (internal
14  quotations omitted); Matlack, Inc. v. U.S. EPA, 868 F. Supp. 627, 630 & n.3 (D. Del. 1994)
15  (noting that the federal courts in the District of Columbia have "long been on the leading edge"
16  of interpreting the FOIA).  In conclusion, because this FOIA action arises under a federal statute,
17  jurisdiction is proper in either the Northern District of California or the District of Hawaii.

      **B.    REGARDLESS OF WHETHER SECTION 552(a)(4)(B) CONFERS JURISDICTION OR VENUE, TRANSFER TO HAWAII IS PROPER BECAUSE PLAINTIFF'S FOIA CLAIM COULD HAVE BEEN BROUGHT AS A CROSSCLAIM THERE.**

Even if § 552(a)(4)(B) was deemed to govern jurisdiction as to original actions filed under FOIA, original jurisdiction is not required for purposes of transfer.  As Defendants explained in their motion at 11, there are two methods by which a case "might have been brought" in a district for purposes of transfer: (1) if original jurisdiction would have existed in the transferee district (citing Hoffman v. Blaski, 363 U.S. 335, 344 (1960)), or (2) if the case could have been filed as a claim in an existing action in the transferee district (citing A.J. Indus.,

---

28  same district, not, as here, whether a case may be properly transferred between two different districts.

DEFS.' REPLY IN SUPP. OF MOT. TO TRANSFER VENUE TO D. HAW.
C 08-1461 SBA

4

1   Inc. v. U.S. Dist. Court for the Central Dist. of Cal., 503 F.2d 384, 387 (9th Cir. 1974)).  Plaintiff
2   did not specifically oppose this two-method test in its opposition memo or proffer any law or
3   argument as to why this test is not good law; and therefore the test should be deemed conceded.
4        Nevertheless, Plaintiff asserts that transfer to Hawaii would be improper because original
5   jurisdiction could not exist there, stating erroneously that "28 U.S.C. § 1404(a) only allows a
6   transfers *(sic)* to district courts where a Plaintiff's complaint could have originally been filed."
7   Opp. Mem. at 2.  Plaintiff offers no legal support for this assertion, which is clearly wrong in
8   light of the two-method test stated above that is the product of binding Supreme Court and Ninth
9   Circuit authority.  The practical effect of accepting Plaintiff's assertion would be to eliminate
10  from the test the second basis for jurisdiction (allowing transfer if a case could have been filed as
11  a claim in an existing action), thereby overruling controlling Ninth Circuit precedent under A.J.
12  Indus.  This court should not accept Plaintiff's attempt to circumvent the Ninth Circuit's holding
13  in A.J. Indus. through the back door.
14       The two-method test remains good law, and under that test, even if original jurisdiction
15  did not lie in the District of Hawaii under § 552(a)(4)(B), the instant case could have been filed
16  as a crossclaim in lawsuits commenced in the District of Hawaii by the U.S. Environmental
17  Protection Agency in 1994 and 2007 in which OCE intervened.  See Mot. at 12.  Plaintiff did not
18  specifically analyze or refute any of Defendants' arguments as to why OCE could have brought
19  the instant action as a crossclaim in Hawaii, beyond Plaintiff's generalized assertion that §
20  552(a)(4)(B) is a jurisdictional statute.
21       Finally, § 552(a)(4)(B) nowhere states that the jurisdiction it confers (if any) is conferred
22  to the exclusion of other federal statutes or rules such as § 1331, § 1404(a), Rule 13(g) (allowing
23  for crossclaims against a coparty), or Rule 15(d) (allowing for supplemental pleadings).  Nor
24  does Plaintiff cite any case holding this.  Thus, even if the court determines that § 552(a)(4)(B)
25  confers jurisdiction rather than addresses venue, transfer would still be proper because the instant
26  action could have been brought as a crossclaim in the District of Hawaii.
27
28

DEFS.' REPLY IN SUPP. OF MOT. TO TRANSFER VENUE TO D. HAW.
C 08-1461 SBA

### C. PLAINTIFF CONCEDES THAT THE INTERESTS OF JUSTICE, THE CONVENIENCE OF PARTIES AND WITNESSES, AND ALL OTHER RELEVANT FACTORS SUPPORT A TRANSFER OF VENUE.

Aside from whether a case might have been brought in the transferee district, the court should also evaluate whether a transfer would serve the interests of justice, the convenience of parties and witnesses, and other relevant factors. See Mot. at 10-11. "The 'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way." Wiley v. Trendwest Resorts, Inc., 2005 WL 1910934, *3 (N.D. Cal. 2005) (citation omitted). Plaintiff has not opposed any of Defendants' arguments that the interests of justice support transferring venue to the District of Hawaii. See Mot. at 12-14. Nor has Plaintiff opposed any of Defendants' arguments that the convenience of parties and witnesses, local interest in the controversy,[4] relative court congestion, and all other relevant factors also support transferring venue to Hawaii. See id. at 14-17.

### III. CONCLUSION

For the foregoing reasons, and for the reasons stated in the Defendants' motion to transfer venue, the court should transfer the instant action to the District of Hawaii.

DATED: July 15, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
NEILL T. TSENG
Assistant United States Attorney

---

[4] Plaintiff asserts that the documents at issue have some connection to the instant forum, Opp. Mem. at 4, but does not refute or oppose any of Defendants' arguments that the documents concern the U.S. Environmental Protection Agency's investigation of Honolulu's compliance with the Clean Water Act, which is of direct concern to the citizens of Hawaii, Mot. at 15-16.

DEFS.' REPLY IN SUPP. OF MOT. TO TRANSFER VENUE TO D. HAW.
C 08-1461 SBA