1  Michael Costa (Bar No. 219416)
   3848 Sacramento Street, # 2
2  San Francisco, California  94118
   Telephone: (415) 342-0042
3  Email:  mike@ocefoundation.org

4  Jodene L. Isaacs (Bar No. 226895)
   Christopher A. Sproul (Bar No. 126398)
5  Environmental Advocates
   5135 Anza Street
6  San Francisco, California  94121
   Telephone: (415) 533-3376
7  Facsimile: (415) 358-5695
   Email: jisaacs@enviroadvocates.com
8  Email:  csproul@enviroadvocates.com

9

10                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
11

12  OUR CHILDREN'S EARTH
    FOUNDATION,                          Case No. C 08-01461 SBA
13
                      Plaintiff,
14
            v.                           PLAINTIFF'S [PROPOSED] ORDER
15                                       DENYING DEFENDANTS' MOTION
                                         TO TRANSFER VENUE TO THE
16  U.S. ENVIRONMENTAL PROTECTION        DISTRICT OF HAWAII
    AGENCY, STEVEN L. JOHNSON,
17  And WAYNE NASTRI.
                                         Date:      July 29, 2008
18                                       Time:      1:00 p.m.
                      Defendants.        Courtroom: 3, 3rd Floor
19                                       Judge:     Hon. Saundra Brown
                                                    Armstrong
20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

**I.     INTRODUCTION**

This court heard oral argument on Defendants' Motion to Transfer Venue to the District of Hawaii on July 29, 2008.  In light of the parties briefing on this matter, oral arguments, and other evidence before the Court, the court hereby DENIES Defendants' Motion to Transfer Venue to the District of Hawaii.

**II.    ARGUMENT**

Plaintiff Our Children's Earth Foundation ("OCE") brought this complaint under the Freedom of Information Act ("FOIA") which permits aggrieved parties to seek judicial review of federal agency actions, 5 U.S.C. § 552(a)(4)(B).  Defendants' United States Environmental Protection Agency, Steven L. Johnson Administer of U.S. EPA, and Wayne Nastri, Administrator of U.S. EPA Region 9 (collectively "EPA") moved the Court transfer this case to the District of Hawaii.  As the District of Hawaii lacks subject matter jurisdiction to take this case, transfer to the District of Hawaii is improper.

In enacting FOIA, Congress provided for judicial review of the government's withholding of responsive documents and granted the appropriate district court with the power to remedy any violations of the statute's provisions:

> "the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, *has jurisdiction* to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

5 U.S.C. § 552(a)(4)(B) (emphasis added).

Defendants argue that this case may be transferred to Hawaii pursuant to 28 U.S.C. § 1404(a), which allows a district court, for the convenience of parties and witnesses, and in the interest of justice, to transfer any civil action to any other district or division where it might have been brought.  Defendants also contend that 5 U.S.C. § 552(a)(4)(B) is a venue related provision rather than a grant of jurisdictional power to adjudicate claims under FOIA.

Defendants' argument is without merit.  The word venue does not appear anywhere within 5

U.S.C. section 552.  Defendants cite to several cases to support their contention that section 552 is a only a venue provision. [1]  None of these cases, however, squarely address whether 5 U.S.C section 552(a)(4)(B) may properly be read only as a venue provision rather than a provision governing federal court subject matter jurisdiction and none of them provide persuasive reason for disregarding the fact that this statute uses the word "jurisdiction" rather than "venue" in determining this issue.

The Supreme Court states that the word 'jurisdiction' means the court's power to adjudicate the case, i.e., subject matter jurisdiction.  *United States v. Cotton*, 535 U.S. 625, 630; 122 S. Ct. 1781; 152 L. Ed. 2d 860 (2002) (jurisdiction means "the courts' statutory or constitutional power to adjudicate the case" ... and such subject matter jurisdiction " can never be forfeited or waived") *citing Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")

With respect to 5 U.S.C. section 552(a)(4)(B), the Supreme Court has likewise explained that this section grants federal courts with subject matter jurisdiction to redress FOIA related claims. *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150, 63 L. Ed. 2d 267, 100 S. Ct. 960 (1980).  "Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552 based on a finding that an "agency has (1) improperly (2) withheld (3) agency records." *Id.*, *see also Department of Justice v. Tax Analysts*, 492 U.S. 136, 142, 106 L. Ed. 2d 112, 109 S. Ct. 2841 (1989) (district courts lack jurisdiction to devise remedies to force an agency to comply with FOIA's unless the court finds that the agency has improperly withheld agency documents).  Other courts have likewise rejected the argument that section 552(a)(4)(B) is a venue provision.  *Murphy v. Tennessee Valley Authority*, 559 F. Supp. 58, 59 (D.D.C. 1983), *Jones v. United States Nuclear Regulatory Comm.*, 654 F. Supp. 130, 131-32 (D.D.C. 1987).  Thus, the plain meaning of the statute requires a finding that the word jurisdiction in

---

[1] *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983), *Lykins v. United States Dep't of Justice*, 725 F.2d 1455, 1462 n.7 (D.C. Cir. 1984), *Boggs v. United States*, 987 F. Supp. 11 (D.D.C. 1987), *Keen v. Federal Bureau of Investigation*, 1997 WL 671711, *1 (N.D. Cal. 1997), *Haswell v. Nat'l R.R. Passenger Corp.*, 2006 WL 839067 (D. Ariz. 2006), Banks v. Partyka, 2007 WL 2693180, slip op. at *5 (W.D. Okla. 2007).

1. section 552(a)(4)(B) means subject matter jurisdiction.
2.     Plaintiff's principal place of business is in the Northern District of California.  The
3. government has not contested that the documents at issue in Plaintiff's FOIA request are likewise
4. exclusively located in the Northern District of California.  Thus, given the foregoing facts, the
5. District of Hawaii lacked and continues to lack jurisdiction to adjudicate Plaintiff's complaint—
6. regardless of whether Plaintiff had originally filed its action in that forum, whether Plaintiff had
7. sought leave to file a supplemental cross-claim in its Clean Water Act citizen suit or the other Clean
8. Water Act enforcement cases currently pending before that court, or whether this Court were to
9. order the case transferred now to the District of Hawaii.

## III.  CONCLUSION

    For the foregoing reasons, DEFENDANTS' Motion to Transfer Venue to the District of Hawaii is hereby DENIED.

Dated: _____, 2008

                                                                                     _____
                                                                                     Saundra Brown Armstrong
                                                                                     United States District Judge